1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DELARA LARISHA NANCE,                    No.  2:20-cv-0894 WBS DB P

12                  Plaintiff,

13          v.                                ORDER

14   UNKNOWN,

15                  Defendant.

16

17         Plaintiff is a county inmate proceeding pro se with a civil rights action under 42 U.S.C. §

18   1983.  Plaintiff alleges they are not receiving medical, dental, or mental health care.  Before the

19   court is plaintiff's first amended complaint ("FAC") for screening.  For the reasons set forth

20   below, this court finds plaintiff fails to state any cognizable claims for relief.  The FAC will be

21   dismissed and plaintiff will be given one, final opportunity to amend the complaint to attempt to

22   state a claim for relief.

23                                  **BACKGROUND**

24         Plaintiff filed an original complaint on May 1, 2020.  On screening, this court found plaintiff

25   failed to state any cognizable claims for relief.  Plaintiff was informed that to state a claim, they

26   must:  (1) identify a specific person, (2) explain what actions that person took, (3) explain how

27   the person's actions caused plaintiff harm, and (4) explain why those actions amounted to a

28   ////

1   violation of plaintiff's constitutional rights.  Plaintiff was given the opportunity to file an

2   amended complaint.  (See ECF No. 16.)

3        On July 24, 2020, plaintiff filed the FAC.  (ECF No. 19.)  This court considers the FAC

4   below.

5                              **SCREENING**

6        As described in this court's prior screening order, the court is required to screen complaints

7   brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983.

8   28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim

9   in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  In

10  addition, the prisoner must demonstrate a link between the actions of each defendant and the

11  deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978).  "A person

12  'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he

13  does an affirmative act, participates in another's affirmative acts or omits to perform an act which

14  he is legally required to do that causes the deprivation of which complaint is made."  Johnson v.

15  Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16       In the FAC, plaintiff makes brief and non-specific allegations.  Plaintiff alleges they were

17  denied medical care because they suffered a "sickness" and "rapid weight loss."  Plaintiff alleges

18  they were denied dental care to treat an infected mouth and tooth.  Finally, plaintiff alleges they

19  were denied mental health care because they have a mental disorder and they are not receiving

20  their medications.  As they did previously, plaintiff fails to identify a defendant or explain what

21  relief they seek by bringing this case.

22       None of plaintiff's allegations are sufficient to state a claim under 42 U.S.C. § 1983.  As

23  plaintiff was informed in the court's prior screening order, plaintiff must do the following if they

24  wish to continue with this case:

25       (1)  Plaintiff must identify by name the jail official or officials who have caused them harm.

26       (2)  Plaintiff must explain their serious medical need.

27       (3)  Plaintiff must then describe the actions, or inactions, taken by the jail official that caused

28  plaintiff harm with respect to that medical need.

2

(4)  If plaintiff is a pretrial detainee, plaintiff must show the jail official should have known their actions would cause plaintiff harm.  <u>Castro v. Cnty. of Los Angeles</u>, 833 F.3d 1060, 1071 (9th Cir. 2016).  If plaintiff is a convicted prisoner, plaintiff must show that the jail official acted with deliberate indifference to plaintiff's medical needs.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

(5)  Plaintiff must describe the harm suffered as a result of the jail official's actions.

(6)  Finally, plaintiff must request some form of relief – money damages, an order requiring the defendant to take some sort of action, and/or declaratory relief.

## CONCLUSION

This court finds that plaintiff has again failed to state any cognizable claims for relief under 42 U.S.C. § 1983.  Plaintiff will be permitted one, final opportunity to amend their complaint.

In the amended complaint, plaintiff must address the problems with the FAC that are explained above and in the court's prior screening order.  Plaintiff is advised that in an amended complaint they must clearly identify each defendant and the action that defendant took that violated their constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, they must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  <u>See</u> Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of

////

1  official participation in civil rights violations are not sufficient."  <u>Ivey v. Bd. of Regents</u>, 673 F.2d

2  266, 268 (9th Cir. 1982) (citations omitted).

3      In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R.

4  Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R.

5  Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

6  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

7      The federal rules contemplate brevity.  <u>See</u> <u>Galbraith v. County of Santa Clara</u>, 307 F.3d

8  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

9  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

10  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

11  set forth in short and plain terms, simply, concisely and directly.  <u>See</u> <u>Swierkiewicz v. Sorema</u>

12  <u>N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

13  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

14      An amended complaint must be complete in itself without reference to any prior pleading.

15  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

16      By signing an amended complaint, plaintiff certifies they have made reasonable inquiry and

17  have evidentiary support for the allegations, and for violation of this rule the court may impose

18  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

19      For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

20  follows:

21      1.  The first amended complaint (ECF No. 19) is dismissed with leave to amend.

22      2.  Within sixty days from the date of this order, plaintiff shall file an amended complaint

23  that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure,

24  and the Local Rules of Practice.  The amended complaint must also bear the docket number

25  assigned to this case and must be labeled "Second Amended Complaint."

26      3.  Failure to file an amended complaint in accordance with this order will result in a

27  recommendation that this action be dismissed.

28  ////

4

1        4.  The Clerk of the Court shall send plaintiff a copy of the prisoner complaint form used in

2    this district.

3

4    Dated:  September 10, 2020

5

6                                      _____

7                                      DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15    DLB:9
DB/prisoner-civil rights/nanc0894.FAC scrn lta

16

17

18

19

20

21

22

23

24

25

26

27

28