UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELARA LARISHA NANCE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Defendant. | No. 2:20-cv-0894 WBS DB P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a former county inmate[1] proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint for screening. For the reasons set forth below, the court will recommend dismissal of this action.

**BACKGROUND**

　　　　Plaintiff initiated this action on May 1, 2020. On screening, this court found plaintiff stated no cognizable claims for relief under § 1983. (ECF No. 16.) Plaintiff then filed a first amended complaint. (ECF No. 19.) Again, this court was unable to determine either the constitutional claims plaintiff was attempting to allege or the person or persons plaintiff contended violated plaintiff's rights. (ECF No. 21.) Plaintiff's first amended complaint was also dismissed with

////

---

[1] Plaintiff informed the court on October 20 that they are no longer in custody.

1

leave to amend. On October 13, 2020, plaintiff filed a second amended complaint. (ECF No. 22.)

## SCREENING

As described in this court's prior screening orders, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. § 1983. 28 U.S.C. § 1915A(a). The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## DOES PLAINTIFF STATE A COGNIZABLE CLAIM?

Plaintiff's second amended complaint, like the prior complaints, fails to identify any defendants. Nor does plaintiff explain with any specificity just what conduct they are challenging. Plaintiff simply states that they were denied medical, dental, and psychiatric care at the Sacramento County Jail.

In the court's prior screening orders, plaintiff was informed that to state a claim, they must: (1) identify a jail official; (2) explain what that official has done; (3) explain why that official's conduct amounted to a violation of plaintiff's constitutional rights; and (4) describe the relief plaintiff is seeking. (See ECF No. 16 at 3-4; No. 21 at 2-3.) Plaintiff was also informed of the standards to state claims for the denial of medical care, for the denial of hygiene supplies, and for interference with the right to practice religion. (ECF No. 16 at 4-8.) Despite these instructions, plaintiff fails to identify a defendant, explain what that defendant has done, or explain why that defendant's conduct violated plaintiff's constitutional rights.

////

////

As this point, this court finds any further attempts to amend the complaint would be futile. Plaintiff's second amended complaint is no closer to stating a claim for relief than was his original complaint.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 18, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/nanc0894.SAC scrn fr